ELMIRA ARMS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8762. Promulgated July 22, 1927.

1. Excise taxes upon articles sold, levied upon the manufacturer, are not deductible by the purchaser as taxes paid by him, although specifically added by the manufacturer in fixing the sales price of the goods. Such taxes constitute a part of the cost of the goods to the purchaser. *Appeal of R. C. Musser*, 3. B. T. A. 498, followed.

2. A building was erected by a corporation upon property owned by its principal stockholder, the corporation being the tenant at will. *Held*, that the building is to be depreciated over its expected useful life.

*Joseph W. Buck, Esq.*, for petitioner.
*Harold Allen, Esq.*, for respondent.

This is an appeal from the determination of deficiencies in income and profits tax for the fiscal years ending January 31, 1920, and January 31, 1921, of $2,956.84 and $4,636.13, respectively. It is alleged the respondent committed error in computing the net income of petitioner in (1) refusing to allow as a deduction for the period ending January 31, 1920, $4,336.86 and for the period ending January 31, 1921, $2,256.43, claimed as sums expended for United States excise taxes; (2) refusing to allow as a deduction for the period ending January 31, 1921, $6,291.35 expended by petitioner in erecting an addition to its store building upon the lands which it occupied as a tenant at will; (3) refusing to include in invested capital for the periods ending January 31, 1920, and 1921, $53,085.27 shown on petitioner's books as " inventory capital reserve." It is conceded by the respondent that the invested capital for each of the years involved should include such amount of $53,085.27 and that in computing the invested capital for each of such years, the respondent did not include such amount. With respect to the second error alleged, it appears the Commissioner determined that the cost of the addition to the store building should be amortized over a period of five years and allowed a deduction of $1,258.27 in the fiscal year 1921. The respondent in his answer alleges that this was in error and that such cost should be amortized over the reasonable life of the store building.

### FINDINGS OF FACT.

Petitioner is a New York corporation with its principal office at 117 N. Main Street, Elmira, N. Y.

During the taxable periods in question, petitioner was engaged in business as a wholesale and retail dealer in sporting goods and

related articles. On many of the articles and goods handled and dealt in by the petitioner during each of the fiscal years 1920 and 1921, there was imposed by Title IX of the Revenue Act of 1918 an excise or merchandise tax. When such goods were purchased by petitioner they were billed to it in such a manner that the invoice reflected the cost of the article without the tax and the amount added for the excise tax.

The taxpayer's merchandise inventory as of January 31, 1920, was $187,829.52 and as of January 31, 1921, was $261,004.73, both computed on the basis of cost or market, whichever was lower, including the war tax as an element of cost or market value. During the period from May, 1919, to January 31, 1920, the excise tax on purchases was charged to an account known as "war tax on merchandise," and on January 31, 1920, this account, amounting to $11,225.26, was credited and the merchandise account was charged with $11,225.26. For the fiscal year ending January 31, 1921, the excise tax paid on merchandise was included directly in the charges to the "Merchandise Purchase Account."

On January 31, 1920, an entry was made charging "Profit and Loss" account and crediting a "Reserve for Merchandise War Tax" account with $4,336.86. This amount, $4,336.86, was claimed as a deduction from gross income and was disallowed by the Commissioner.

On January 31, 1921, an entry was made charging the "Reserve for Merchandise War Tax" account and crediting "Profit and Loss" account with $4,336.86, thus reversing the entry made on January 31, 1920. A further entry was made on January 31, 1921, charging "Profit and Loss" account and crediting "Reserve for Merchandise War Tax" account with $6,593.39. The difference, $2,256.43, was claimed as a deduction for the fiscal year ending January 31, 1921, and was disallowed by the Commissioner. On January 31, 1922, an entry was made charging the "Reserve for Merchandise War Tax" account and crediting the "Profit and Loss" account with $6,593.39.

No credit was made to the purchase account or to the inventory account because of the excise tax element contained therein.

One of the principal parts of the petitioner's business was distributing and retailing Victor talking machines. The showroom for these machines was located on the second floor of the building occupied by petitioner at 117 North Main Street, Elmira, N. Y. During the year 1921 petitioner was faced with the necessity of providing room on the first floor for this showroom or losing its agency, which was a profitable one.

The petitioner occupied its store building under a lease which expired on March 31, 1925. W. O. Crew, who was president and

majority stockholder of the petitioner company owned the leased store and a vacant plot adjoining it. The petitioner first endeavored to induce Crew to erect a building upon this lot and lease it to the petitioner. When Crew refused the petitioner's directors sought to secure a lease from Crew upon this lot in order to build an addition to its building sufficient to provide for the necessary Victrola showroom. Mr. Crew refused to give a lease on this lot but finally permitted petitioner to erect a building thereon and to occupy same at a rental of $200 a year, payable monthly, under an agreement that the tenancy was to be from month to month and that the petitioner might be required to vacate at any time should the owner desire to sell it or build upon it. The lot was very valuable, being within a half block of the business center of the city. In 1921, petitioner erected upon this lot a wing or addition to its store at a cost to it of $6,219.35 and claimed said cost as a deduction in computing its net taxable income for that year. The Commissioner held that the cost should be amortized over a period of five years, the unexpired term of the lease on the store building occupied by the petitioner, and allowed one-fifth of the cost as a deduction in the fiscal year 1921. The petitioner continued to occupy the store and this addition in 1927.

### OPINION.

PHILLIPS: The parties are agreed that the effect of the entries made by the petitioner was to deduct excise taxes paid on purchases in the year in which such purchases were made, whether or not the goods were sold in that year, while the effect of the adjustments made by the Commissioner is to refuse such deduction in that year and treat such tax as a part of the cost of the goods, allowable as a deduction when the goods are sold. The question presented for our decision is whether such excise taxes are a tax upon this petitioner, deductible as such in the year paid, or are to be considered as cost of goods.

The taxes in question were authorized by section 900 of the Revenue Act of 1918 reading in part:

That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased— * * * (4) * * * talking machines, music boxes, and records used in connection with any musical instrument * * * 5 per centum; * * * (10) Firearms, shells, and cartridges * * * 10 per centum * * *.

The statute levies an excise tax to be paid as an incident to the sale of the article by the manufacturer. Either directly or indirectly

the tax is no doubt included in the price which the purchaser pays but it seems clear that the tax is not one imposed upon the purchaser. There is nothing in the law which requires that it be paid by the purchaser or collected by the manufacturer who sells, and if, through ignorance or misunderstanding of the law or for any other reason, the manufacturer fails to add the tax in computing the selling price, it is he and not the purchaser who has incurred liability for its payment. It is our opinion that whether the tax is added directly or indirectly to the price which would otherwise be paid, it constitutes a part of the cost to the purchaser of the articles purchased and is not a tax paid by the purchaser. *R. C. Musser*, 3 B. T. A. 498; *George E. Hamilton*, 6 B. T. A. 240.

Petitioner bases its claim upon article 132 of Regulations 45 and 62. Inasmuch as there is no tax, as such, paid by it, that article of the Commissioner's regulations has no application to the situation here presented.

We have heretofore held in circumstances such as are presented here that the cost of a building erected by a corporation upon land owned by its principal stockholder should be depreciated over its expected useful life. *Sentinel Publishing Co.*, 2 B. T. A. 1211; *Thatcher Medicine Co.*, 3 B. T. A. 154; *William Scholes & Sons, Inc.*, 3 B. T. A. 598. Counsel seeks to distinguish these decisions from the instant case upon the ground that in each of those cases the taxpayer had a reasonable assurance that it could continue to occupy the premises for an indefinite period. The situation presented in this case, however, seems to be no different in substance, for while the owner reserved the right to terminate the lease at any time he should sell the property, there is nothing to indicate that there was any prospect in the taxable year of an immediate sale by him, and the evidence discloses that the property continued to be occupied by the petitioner in 1927. See *Geo. H. Bowman Co.*, 7 B. T. A. 399.

The respondent contended that he had erred in allowing a deduction for depreciation or exhaustion based on a five-year period. There is nothing in the evidence upon which we may fix a proper deduction at any other amount than that determined by the Commissioner.

The deficiency should be recomputed in accordance with the error admitted by increasing invested capital for each of the taxable years by $53,085.27.

> *Decision will be rendered on 15 days' notice, under Rule 50.*