## APPEAL OF R. C. MUSSER.

Docket No. 4781.    Submitted October 13, 1925.    Decided January 28, 1926.

> 1. Under Title IX of the Revenue Act of 1921, the tax imposed on sales by manufacturers of automobiles and accessories is not deductible by individual purchasers of such products.
>
> 2. Claimed allowance for exhaustion of automobile used in business, *held* proven under the facts as found.

*A. H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax due for the year 1922 in the amount of $46.46.

### FINDINGS OF FACT.

The taxpayer is an officer in the United States Regular Army, on active duty at Fort McKinley, Rizal, Philippine Islands.

In the year 1922 the taxpayer paid as part of the purchase price of an automobile $150, which was designated as war tax paid to the manufacturer by the purchaser, and he claimed this amount as a deduction from income on his Federal income-tax return for the year 1922.

In and during the year 1922 the taxpayer, in connection with his official duties as depot veterinarian, Sixth Corps Area, Chicago quartermaster depot, used the said automobile in making trips to and from various packing plants and places of duty in and about Chicago. Depreciation of the said automobile in the amount of $900 was also claimed as a deduction on the taxpayer's income-tax return for 1922. A reasonable allowance for such exhaustion is $750. The Commissioner disallowed both the deduction for automobile tax and that for depreciation.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

JAMES: Section 900 of the Revenue Act of 1921 provides as follows:

#### TITLE IX.—EXCISE TAXES.

Sec. 900. That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manu-

facturer, producer, or importer, a tax equivalent to the following percentage of the price for which so sold or leased—

(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum.

Under the Revenue Act of 1918 there was levied a war tax on many so-called luxuries, such as toilet articles, ice cream, etc., which was regarded as a tax imposed upon the consumer and allowed as a deduction to the consumer in computing net income. These taxes were for the most part repealed by the 1921 Act. Both the 1918 and the 1921 Acts levied certain excise taxes on automobiles and accessories, which were imposed on sales by the manufacturer, and the tax was frequently passed on to the purchaser as part of the purchase price, as in the instant case.

The war tax on automobiles sold by manufacturers is a tax imposed upon sales by the manufacturers and is not an allowable deduction in computing net income of a purchaser.

It appears from the findings of fact, above set forth, that the taxpayer used the automobile in question not as a means of transportation from his home to his place of business, but for making trips to and from the several points where his business was carried on. This constituted a business use of the automobile, and the conceded exhaustion of $750 should be allowed in computing the net income of the taxpayer.