Russell Anderson and Elsie Anderson, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 1372–72.  Filed September 5, 1973.

*Joel Kamens,* for the petitioners.
*Justin S. Holden,* for the respondent.

OPINION

Simpson, *Judge:* The respondent determined a deficiency of $219.56 in the petitioners' 1969 Federal income tax. The only issue for decision is whether certain automobile expenses and parking fees incurred in driving to work are deductible under section 162(a) of the Internal Revenue Code of 1954 as ordinary and necessary expenses of a trade or business.

All of the facts have been stipulated, and those facts are so found.

The petitioners, Russell Anderson and Elsie Anderson, were husband and wife, who maintained their legal residence in Everett, Mass., at the time of filing their petition in this case. For the taxable year 1969, they filed their joint Federal income tax return with the district director of internal revenue, Boston, Mass.

During 1969, Mrs. Anderson worked as a banquet waitress at several locations in the Boston, Mass., area. She obtained work through her union, Local 34 of the Bartenders and Dining Room Employees Union (the union). The union required Mrs. Anderson to appear personally at its hall to receive her work assignment for the day. If she did not report at the union hall, she would not be given any work.

On work days, Mrs. Anderson drove from her home to the union hall. After she learned where she was to work, she drove there from the union hall. During 1969, it cost Mrs. Anderson $195 to drive from the union hall to her places of employment. She parked at work, incurring parking fees of $390 during that year. After work, Mrs. Anderson drove home without stopping at the union hall.

On their 1969 income tax return, the petitioners claimed a business expense deduction of $585, representing the automobile costs and parking fees Mrs. Anderson incurred by driving to work. In his notice of deficiency, the respondent determined that a deduction was not allowable for the automobile costs and parking fees.

We must decide whether the petitioners are entitled to a deduction under section 162(a) for the expenses incident to Mrs. Anderson's driving to work from the union hall.

Section 162(a) states in part:

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

It is a longstanding rule in our tax system that the expenses of commuting to and from one's business or place of employment are not deductible as business expenses. *United States* v. *Tauferner*, 407 F. 2d 243 (C.A. 10, 1969), certiorari denied 396 U.S. 824 (1969) ; *Steinhort* v. *Commissioner*, 335 F. 2d 496 (C.A. 5, 1964), affirming on this issue a Memorandum Opinion of this Court; *Thomas J. Green, Jr.*, 59 T.C. 456 (1972) ; *Harold Gilberg*, 55 T.C. 611 (1971) ; secs. 1.162–2, 1.262–1, Income Tax Regs. "The rationale for the commuting rule is founded on the premise that one is free to choose the location of his personal residence." *Harold Gilberg, supra* at 616. The differences in the distances traveled and the amounts spent on traveling are influenced by one's personal preference as to his place of living and his means of transportation. "To allow a deduction for such expenses would be to allow a deduction for personal expenses." *Harold Gilberg, supra* at 617. A deduction for commuting expenses is disallowed in order to assure similarity of treatment of all taxpayers. *Steinhort* v. *Commissioner, supra.*

The court in *United States* v. *Tauferner, supra* at 246, stated that:

The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. * * *

In *Raymond A. Sanders*, 52 T.C. 964 (1969), affd. 439 F. 2d 296 (C.A. 9, 1971), certiorari denied 404 U.S. 864 (1971), the taxpayer was not allowed to deduct any part of his commuting expenses even though there was no housing available near his place of work. In *William L. Heuer, Jr.*, 32 T.C. 947 (1959), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960), the taxpayer was not allowed to take a deduction for automobile expenses even though there was often no public transportation to his place of work. Thus, the expenses of traveling to and from work have generally been held not to be deductible, even though the taxpayer may have incurred unusual expenses.[1]

The union's decision to require personal attendance at its hall may have imposed additional driving on Mrs. Anderson as she may have

---

[1] In certain circumstances, the cost of transporting tools to work has been allowed as a deduction. *Tyne* v. *Commissioner,* 385 F. 2d 40 (C.A. 7, 1967), 409 F. 2d 485 (C.A. 7, 1969), certiorari denied 396 U.S. 833 (1969) ; *Lawrence D. Sullivan,* 45 T.C. 217 (1965), reversed and remanded 368 F. 2d 1007 (C.A. 2, 1966) ; see also *Fausner* v. *Commissioner,* 413 U.S. 838 (1973), affirming per curiam 472 F. 2d 561 (C.A. 5, 1973). However, the issues in those cases have no relevancy to the issue in this case.

had to deviate from shorter, more direct routes to her places of work. To be sure, Mrs. Anderson may have preferred not to go to the union hall and incur the additional expenses. Yet, it was the union which imposed the requirement, and not her employers. Her traveling did not constitute business trips. "Business trips are to be identified in relation to business demands * * *. The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." *Commissioner* v. *Flowers*, 326 U.S. 465, 474 (1946) ; *Steinhort* v. *Commissioner*, *supra*. Her employers did not require her to stop at the union hall, and they derived no benefit from the arrangement. In *Hollie T. Dean*, 54 T.C. 663 (1970), in which the taxpayer secured his employment through his union, the Court stated that although his union was "helpful and even instrumental in obtaining employment for" him, he was employed where he worked, not where the union was located. 54 T.C. at 667. Therefore, as Mrs. Anderson has failed to show that she stopped at the union hall at the request of her employers or that stopping there furthered their business in any way, she has failed to establish that her transportation costs were deductible as business expenses. *United States* v. *Tauferner*, *supra; Williard I. Thompson*, 15 T.C. 609 (1950), reversed on other grounds 193 F. 2d 586 (C.A. 10, 1951).

Mrs. Anderson has also argued that the transportation costs are business expenses because it is as if she maintained an office at the union hall. Costs incident to traveling between an office and a place of work are business expenses. *Thomas J. Green, Jr.*, *supra*. However, the record does not support Mrs. Anderson's analogy. She merely picked up her work assignment at the union hall; she did not do anything else there which was related to her work.

For such reasons, we hold that the costs Mrs. Anderson incurred in driving to and parking at work were not ordinary and necessary business expenses and are not deductible under section 162(a).

To give effect to certain other adjustments,

*Decision will be entered under Rule 50.*