ARTHUR DEIN and BLEEMA DEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dein v. Commissioner
Docket Nos. 2657-73, 4164-73, 5838-73.
United States Tax Court
T.C. Memo 1978-376; 1978 Tax Ct. Memo LEXIS 139; 37 T.C.M. (CCH) 1552; T.C.M. (RIA) 78376; September 20, 1978, Filed Arthur Dein, pro se. Barry C. Feldman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Johnston. Pursuant to the order of the Chief Judge dated November 2, 1977, as amended, the provisions of Rule 182, Tax Court Rules of Practice and Procedure are not applicable to these cases. The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: These cases *140 were heard pursuant to the order of the Chief Judge dated November 2, 1977, as amended. Respondent determined deficiencies in petitioners' Federal income tax of $ 236.95, $ 345.91 and $ 396.50 for the years 1969, 1970 and 1971, respectively. The issues for decision are whether petitioners are entitled to deduct under section 162 [1] $ 979.10, $ 1,507 and $ 1,613 for the taxable years 1969, 1970 and 1971, respectively, as employee business expenses incurred in transporting petitioner, Arthur Dein, and his tools between his residence and his places of employment. Respondent concedes that petitioners are entitled to a deduction for transportation expenses in 1969 of $ 1.20 and in 1970 of $ 2.76.
FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Arthur and Bleema Dein, husband and wife, resided at 159-25 71st Avenue, Queens County, New York at the time of filing their petitions in these cases and during the years in issue. They filed timely *141 joint income tax returns for the taxable years 1969, 1970 and 1971 with the District Director of Internal Revenue, Brooklyn, New York. Bleema Dein is a party to these proceedings solely because she signed the joint returns.
During the years 1969, 1970 and 1971 Arthur was employed as a salaried electrician by Badaracco Brothers & Company whose principal place of business was located in Hoboken, New Jersey. In his employment as an electrician, Arthur traveled by his personally owned automobile between his residence and various job sites carrying with him certain tools used in his trade. He was required to supply his own tools which weighed between 150 and 200 pounds. There were no secure storage facilities for tools at any of the job sites at which Arthur was employed in the years before the Court. Arthur performed no significant services for his employer at his residence during the years 1969 and 1971. His residence was not his place of business. Arthur's trade or business consists of the performance of services for Badaracco Brothers as an employee. 1969
During the year 1969, Arthur traveled between his residence and 12 job sites located in various communities and *142 places in New Jersey. The total for such trips amounted to 8,628 miles. The round trip mileage ranged between 34 and 52 miles. He traveled to such places in his personally owned automobile, a 1959 Chevrolet 4-door sedan, in which he carried his tools. The automobile was not specially modified to enable him to carry the tools. If Arthur were to travel to each of his job sites by public transportation, that is, by bus and subway, his average travel time each way would have been about 60 minutes [2] longer than his travel time by automobile without taking into consideration waiting time between buses and subway or walking time from home to bus stop and bus stop to work site. Arthur's working day in each of the years before the Court started at 8:00 a.m. On two occasions in 1969, he traveled to a second work site situated about six miles distant from the first. He returned home from the second work site. Petitioners on their income tax return for 1969 *143 claimed a deduction for automobile expenses as employee business expenses in the amount of $ 854.60 for 8,546 miles of business travel at 10 cents per mile plus $ 124.50 for parking fees and tolls incurred in driving to and from work. Respondent disallowed the claimed deductions. 1970
During 1970, Arthur traveled between his residence and 25 job sites located in various communities and places in New Jersey. The total for such trips amounted to 11,106 miles. The round trip mileage ranged between 30 and 66 miles. He traveled to such places for part of the year by his 1959 Chevrolet and the remainder of the year by his personally owned 1970 Plymouth Duster automobile which also was not specially modified to carry the tools which he carried with him. The additional travel time which would have been required if public transportation had been used by Arthur would have been approximately the same as that which would have occurred in 1969. Petitioners on their income tax return for 1970 claimed a deduction for automobile expenses as employee business expenses in the amount of $ 1,333 for 11,106 miles of business travel at 12 cents a mile plus $ 174 for tolls incurred in driving *144 to and from work. Respondent disallowed the claimed deductions. 1971
During the year 1971, Arthur traveled between his residence and 16 job sites located in various communities and places in New Jersey.The total for such trips amounted to 4,838 miles. The round trip mileage ranged between 32 and 44 miles. He traveled to such places by his 1970 Plymouth Duster and carried the tools required for his trade with him in the automobile. The additional travel time required if petitioner had traveled to each of the 16 job sites by public transportation would have amounted to about 40 minutes each way without considering time to reach starting transportation, for changing modes of transportation, and to reach job sites. In 1970, Arthur traveled twice to a second job site and from one of those second job sites to a third job site. On each of these occasions petitioner returned home from the last job site. The total mileage involved in these changes of job sites was 23 miles. Petitioners on their income tax return for 1971 claimed a deduction as employee business expense the following: Depreciation $ 700.00
Insurance, Licenses
241.00
Gas, Oil, Lubrication
419.00
Repairs, Tires
115.00
Inspection & Other
3.00
Parking Fees & Tolls
135.00
Total
$ 1,613.00
*145 Respondent disallowed the claimed deduction. OPINION The question to be determined is whether petitioner is entitled to deduct during the taxable years as ordinary and necessary business expenses under section 162(a) the cost of travel between his residence and the various job sites at which he worked. He traveled to and from his places of employment in his personally-owned automobile in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools weighed about 150 to 200 pounds. On his income tax returns for 1969, 1970 and 1971, Arthur deducted as employee business expense $ 979.10, $ 1,507 and $ 1,613, respectively, attributable to the cost of traveling between his place of residence and his places of work. A taxpayer's costs of commuting to work are personal expenses and ordinarily do not qualify as deductible expenses. Section 1.262-1(b)(5) Income Tax Regs. However, the Supreme Court has held that if a taxpayer incurs additional expense in traveling between his residence and his place of employment because of the necessity of carrying his tools to work he may deduct the additional expenses. Fausner v. Commissioner,413 U.S. 838 (1973). *146 Respondent concedes the applicability of Rev. Rul. 63-100, 1963-1 C.B. 34, to the facts in the instant case. In order for the petitioner to deduct the costs of his transportation within the rules prescribed in Rev. Rul. 63-100, he must show that he would not have traveled to the job sites by private vehicle but for the necessity of having to transport his tools and equipment. If a taxpayer would have driven his automobile to work had he not been required to transport his tools, he would have incurred no such additional expense and nothing would be deductible. Gilberg v. Commissioner,55 T.C. 611 (1971). Arthur contended that it was a matter of necessity for him to use his automobile in going to and from his places of employment because he was occasionally required to work at a second job site.The fact that petitioner was required to have his automobile at his job site because from time to time it was necessary to go to a different place of work does not change his daily travel between home and job site to business travel rather than commuting. Feistman v. Commissioner,63 T.C. 129 (1974). However, even if he did not have *147 to move from location to location, Arthur testified that he would "have used the car for a convenience" and that he "would not have used any other means of transportation. There does not appear to have been any means of public transportation readily available to Arthur which would have enabled him to arrive at his various places of work at the normal starting time for his trade. Nor does the record show any other practical means of commuting to and from his jobs other tan by his private vehicle. We therefore conclude that petitioner would have driven to work even if he had not been required to carry his tools and equipment in his automobile. While this conclusion requires us to sustain the respondent's disallowance of the claimed business expense, we also note that petitioner has failed to establish the amount of any additional expense incurred because of the necessity of carrying his tools to work. Petitioner agreed that carrying 150 to 200 pounds of tools would not have appreciably increased the cost of operating his automobile above that if driven without the tools. Nor has the cost of traveling by public conveyance been established in even an approximate amount. Cf. *148 Rev. Rul. 63-100, 1963-1 C.B. 34; Fausner v. Commissioner,413 U.S. 838, (1973) rehearing denied, 414 U.S. 882 (1973). In accordance with the foregoing, Decisions will be entered under Rule 155 in docket Nos. 2657-73 and 4164-73.
Decision will be entered for Respondent in docket No. 5838-73.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The actual travel times by automobile may vary depending upon such factors as time of day, volume of traffic, weather conditions, accidents, road repairs and the like. Many of these factors also affect public transportation.↩