ARTHUR MARANDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marander v. Commissioner
Docket Nos. 2858-71, 2057-72.
United States Tax Court
T.C. Memo 1978-379; 1978 Tax Ct. Memo LEXIS 137; 37 T.C.M. (CCH) 1558; T.C.M. (RIA) 78379; September 21, 1978, Filed Arthur Marander, pro se. Kevin C. Reilly, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Johnston. Pursuant to the order of the Chief Judge dated November 2, 1977, as amended, the provisions of Rule 182, Tax Court Rules of Practice and Procedure are not applicable to these cases. The Court *138 agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: These cases were heard pursuant to the order of the Chief Judge dated November 2, 1977, as amended. The respondent determined deficiencies in petitioner's income tax in the amounts of $ 338.85 and $ 438.81 for the taxable years 1967 and 1968, respectively. The issues for decision are (1) whether petitioner is entitled to deduct under section 162(a) $ 1,719.65 and $ 2,148.40 for the years 1967 and 1968, respectively, as employee business expenses incurred in transportation of petitioner and his tools between his residence and various job sites and (2) whether petitioner is entitled to refunds in the amounts of $ 594.15 and $ 951.71 for the years 1967 and 1968, respectively, on account of the non-availability of section 63 to the respondent. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of fact together with the exhibits attached thereto are incorporated herein by this reference. Petitioner *139 filed a joint income tax return for the calendar year 1967. Subsequently, his wife died.At the time of the filing of the petitions herein and during the taxable years at issue herein petitioner resided at 4219 Seventh Avenue, Brooklyn, New York. During the taxable years petitioner was a carpenter by trade. His employers, length of employment, and places of employment (all on Long Island, New York) were as follows: 1967 Company
Duration
Job Site
Fierro Carpentry Co.
110 da.
Oceanside
Fierro Carpentry Co.
85 da.
Untington
Kendall Carpentry
7 da.
Wantaugh
General Builders
10 da.
Valley Stream
1968
Fierro Carpentry Co.
50 da.
Oceanside
Fierro Carpentry Co.
9 da.
Smithtown
Fierro Carpentry Co.
160 da.
Huntington
Petitioner's working day began at 8:00 a.m. He was required to supply his own tools which weighed between 100 and 150 pounds. There was no secure place of storage at any of the places where petitioner worked in 1967 or 1968 at which his tools could be stored. Petitioner traveled between his home and the various job sites by his personally-owned automobile. During 1967 he used a 1962 Falcon automobile and during 1968 *140 he used a 1961 Rambler automobile for transportation of himself and his tools. Petitioner was subject to sudden changes in work sites by his principal employer Fierro Carpentry Company. From time to time in the evening, he would receive a telephone call from his employer telling him to report to a different job site on the following day. Thus, he was required to carry his tools with him in addition to the fact that secure storage at the job sites was not available. Petitioner never inquired as to the availability of alternate means of transportation or the fares to the rail stations nearest his places of employment in the taxable years. It was petitioner's view that the weight of his tools and the remoteness of his job sites from reasonably available transportation required him to use his automobile to travel between his home and his places of employment in 1967 and 1968. Petitioner on his joint income tax return for 1967 claimed an employee business expense deduction for automobile expense, parking fees and tolls in the amount of $ 1,719.65 incurred in traveling to and from work each working day; on his joint income tax return for 1968, he claimed an employee business *141 expense deduction for automobile expense, parking fees and tolls of $ 2,148.40. Respondent disallowed the entire amount of automobile expenses claimed in each of the taxable years 1967 and 1968. OPINION The question to be determined is whether petitioner, a carpenter, is entitled to deduct during the taxable years as an ordinary and necessary business expense under section 162(a) the cost of travel between his residence and the various job sites at which he worked. He traveled to and from his places of employment in his personally-owned automobile in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools weighed about 100 to 150 pounds. On his income tax returns for 1967 and 1968, petitioner deducted as employee business expense $ 1,719.65 and $ 2,148.40, respectively, attributable to the cost of traveling between his place of residence and his places of work. A taxpayer's costs of commuting to work are personal expenses and ordinarily do not qualify as deductible expenses. Section 1.262-1(b)(5) Income Tax Regs. However, the Supreme Court has held that if a taxpayer incurs additional expense in traveling between his residence *142 and his place of employment because of the necessity of carrying his tools to work he may deduct the additional expenses. Fausner v. Commissioner,413 U.S. 838 (1973). Respondent concedes the applicability of Rev. Rul. 63-100, 1963-1 C.B. 34, to the facts in the instant case. In order for the petitioner to deduct the costs of his transportation within the rules prescribed in Rev. Rul. 63-100, he must show that he would not have traveled to the job sites by private vehicle but for the necessity of having to transport his tools and equipment. If a taxpayer would have driven his automobile to work had he not been required to transport his tools, he would have incurred no such additional expense and nothing would be deductible. Giberg v. Commissioner,55 T.C. 611 (1971). There does not appear to have been any means of public transportation readily available to petitioner which would have enabled him to arrive at his various places of work at the normal starting time for his trade; nor does the record show any other practical means of commuting to and from his jobs other than by his private vehicle. Petitioner never inquired *143 as to the availability of alternate means of transportation and knew of none by which he could reach his remote job sites. We, therefore, conclude that petitioner would have driven to work even if he had not been required to carry his tools and equipment in his automobile. While this conclusion requires us to sustain the respondent's disallowance of the claimed business expense, we also note that petitioner has failed to establish the amount of any additional expense incurred because of the necessity of carrying his tools to work. Petitioner did not introduce any evidence or advance any argument with respect to the claimed refunds based on the non-availability of section 63 to the respondent. In any event, there is no merit to such contention. [2]
The respondent has not erred. Decisions will be entered for the respondent in docket Nos. 2858-71 and 2057-72. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See Coker v. Commissioner,T.C. Memo. 1972-80 and Frey v. Commissioner,T.C. Memo. 1971-208↩.