VICTOR CREPEAU and NELLIE CREPEAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crepeau v. Commissioner
Docket No. 2041-72.
United States Tax Court
T.C. Memo 1978-385; 1978 Tax Ct. Memo LEXIS 131; 37 T.C.M. (CCH) 1574; T.C.M. (RIA) 78385; September 26, 1978, Filed Victor Crepeau, pro se. Kevin C. Reilly, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston. Pursuant to the order of the Chief Judge, dated November 2, 1977, as amended, the provisions of Rule 182, Tax Court Rules of Practice and Procedure are not applicable to this case. The *132 Court agrees with and adopts the Special Trial Judge's opinion which is set forth below.
OPINION OF SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: This case was heard pursuant to the order of the Chif Judge, dated November 2, 1977, as amended. Respondent has determined a deficiency in petitioners' income tax for the taxable year 1968 in the amount of $ 231.73. The issues for decision are (1) whether petitioner, Victor Crepeau, is entitled to deduct as an ordinary and necessary business expense under section 162 all or part of the daily cost of traveling between his residence and various job sites at which he was employed; and (2) whether petitioners are entitled to a refund in the amount of $ 34.51 for 1968 on account of the non-availability of section 63 to the respondent. [1] Because of the disallowance of part of the traveling expense claimed, the medical expense deduction was decreased to reflect the increase in adjusted gross income. The adjusted gross income as finally determined will control the amount of medical expense deduction allowable. FINDINGS OF FACT
*133 Some of the facts have been stipulated and are so found. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners, Victor Crepeau and Nellie Crepeau, filed a joint income tax return for the calendar year 1968. Nellie Crepeau is a party to these proceedings solely because the signed the joint return. At the time of filing their petition and during the year in issue, they resided at 154 Wythe Avenue, Brooklyn, New York. Petitioner, Victor Crepeau, was a carpenter by trade and a member of the United Brotherhood of Carpenters and Joiners of America. During 1968 Victor was employed as follows: [SEE TABLE IN ORIGINAL] Victor traveled by automobile to each of the job sites. Until April 1968 he used a 1958 Cadillac, thereafter he drove a 1962 Chevrolet Station Wagon. He carried his tools, which weighed about 147 pounds, to and from work daily. There were no facilities for the storage of tools at the job sites. On occasion, he carried a portable power saw, 200 feet of cable and a generator which was the property of Vinor Construction Company, the total weight of which was 150 pounds. Victor was required *134 to report for work at each job site at 8:00 a.m. each workday. The only means of public transportation which would bring Victor nearest to the job sites listed above was the New York City subway system for transportation to the Woodside Station of the Long Island Railroad and thence by that railroad to the nearest station to each job site. The station nearest to "Arbor Oaks" was at Pine Lawn which was about 3-1/4 miles from that job site. The station nearest to "Wedgewood Estates" and "Vanderbilt Woods" was at Deer Park which was about 3-1/2 miles to either job site. The station nearest to "Timberlane V" was at Northport which was about 3 miles from that job site. Petitioners on their joint income tax return for 1968 claimed a deduction for employee business expenses consisting of local transportation expenses in the amount of $ 2,204.34. Respondent allowed $ 670.40 of the claimed deduction of which $ 478.40 represented travel between job sites and $ 192 represented travel to the union local and disallowed the balance of $ 1,533.94. OPINION The question to be determined is whether petitioner is entitled to deduct during the taxable year as an ordinary and necessary business *135 expense under section 162(a) the cost of travel between his residence and the various job sites at which he worked. He traveled to and from his places of employment in his personally owned automobile in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools weighed about 147 pounds and occasionally he carried material and equipment belonging to his employer which weighed about 150 pounds. On his income tax return for 1968 petitioner deducted as employee business expense $ 2,204.34, of which respondent allowed $ 670.40 and disallowed $ 1,533.94 as representing the cost of traveling between his place of residence and his places of work. A taxpayer's costs of commuting to work are personal expenses and ordinarily do not qualify as deductible expenses. Section 1.262-1(b)(5) Income Tax Regs. However, the Supreme Court has held that if a taxpayer incurs additional expense in traveling between his residence and his place of employment because of the necessity of carrying his tools to work, he may deduct the additional expenses. Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). *136 Respondent concedes the applicability of Rev. Rul. 63-100, 1963-1 C.B. 34, to the facts in the instant case. However, in order for the petitioner to deduct the costs of his transportation within the rules prescribed in Rev. Rul. 63-100, he must show that he would not have traveled to the job sites by private vehicle but for the necessity of having to transport his tools and equipment. If a taxpayer would have driven his automobile to work had he not been required to transport his tools, he would have incurred no such additional expense and nothing would be deductible. Gilberg v. Commissioner,55 T.C. 611 (1971). There does not appear to have been any means of public transportation readily available to petitioner which would have enabled him to arrive at his various places of work at the normal starting time for his trade. Nor does the record show any other practical means of commuting to and from his jobs other than by his private vehicle. In fact, the petitioner concedes that such means did not exist. From this, we conclude that petitioner would have driven to work even if he had not been required to carry his tools and equipment in *137 his automobile. Therefore, Gilberg v. Commissioner,supra, requires us to sustain the respondent's disallowance of the claimed business expense. We also note that petitioner has failed to establish the amount of any additional expense incurred because of the necessity of carrying his tools to work. Petitioner did not introduce any evidence or advance any argument with respect to the claimed refunds based on the non-availability of section 63 to the respondent. In any event, there is no merit to such contention. [2]
In accordance with the foregoing, Decision will be entered for the Respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. See Coker v. Commissioner,T.C. Memo. 1972-80 and Frey v. Commissioner,T.C. Memo. 1971-208↩.