THOMAS D. REGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Regan v. Commissioner
Docket No. 2799-76.
United States Tax Court
T.C. Memo 1978-104; 1978 Tax Ct. Memo LEXIS 411; 37 T.C.M. (CCH) 479; T.C.M. (RIA) 780104; March 15, 1978, Filed *411 Held, petitioner, a security guard, is not entitled to deduct expenses of driving his automobile between his home and various jobsites. Thomas D. Regan, pro se. Joseph Falcone, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $482.44 *412 in petitioner's income tax for 1973. Certain issues having been conceded by petitioner, the only question to be decided is whether under section 162, I.R.C. 1954, [1] certain automobile expenses incurred by petitioner in traveling to and from work are deductible as ordinary and necessary expenses of his employment as a security guard. FINDINGS OF FACT Petitioner resided in Detroit, Mich., when his petition was filed in this case. From December 3, 1970, through November 27, 1974, petitioner was employed by Orr Security Service and Star Security Service. Both employers had their office in the northwest section of Detroit. Except for pay purposes, petitioner was treated by management of the security services as if they were one company. While employed by Orr and Star, petitioner worked as a security guard in the City of Detroit and the surrounding suburbs. His duties were to be present at various business and banking establishments to provide police protection. On occasions petitioner was assigned to work in two different locations *413 during one day. Most of his assignments were within a 20-mile radius of his residence. Petitioner received almost all his assignments by telephone the night prior to the workday.
Petitioner drove directly from his home to his first job assignment each day and returned from his last job assignment directly to his home. He was never away from home overnight on security guard business. On his job assignments, petitioner was required to carry a pistol supplied by his employer. While commuting to and from work, petitioner transported the pistol in the trunk of his car. However, petitioner would have driven his automobile to work even if he was not required to carry the pistol because public transportation was not available to his worksites. Petitioner incurred no additional expense by virtue of transporting the pistol in the trunk of his car between his home and jobsites. Petitioner filed a joint income tax return with his wife for 1973. A business mileage expense deduction of $2,126 was claimed based on business mileage of 18,622 miles (15,000 miles at $.12 per mile and 3,622 miles at $.09 per mile). Petitioner calculated his business mileage by subtracting his estimate *414 of his personal travel (other than commuting to and from work) from the total mileage he drove in 1973. Respondent allowed a deduction based only on 2,500 miles substantiated as driven between job assignments. Petitioner kept records of miles driven from his home to job locations outside the City of Detroit. According to these records, in 1973 he drove 8,244 miles between his home and job locations outside Detroit. Petitioner did not record his mileage between his home and job locations inside Detroit. OPINION The issue is whether petitioner is entitled to deduct the cost of transporting himself and his pistol from his home to and from the site of his job assignments in Detroit and the surrounding suburbs. Petitioner was a security guard who was assigned to jobs at different places in the Detroit area on a daily basis. His usual routine was to drive from his home directly to his jobsite and return directly to his home in the evening. Occasionally he drove from one job to another the same day, but respondent has allowed a deduction for the cost of that transportation. Petitioner did not stay on any job overnight. For automobile expenses to be deductible under section *415 162, the petitioner must show that such expenses are deductible either under section 162(a)(2) as traveling expenses incurred while away from home, or under the general provisions of section 162(a) as ordinary and necessary expenses of carrying on a trade or business (including transportation expenses of employees. See sec. 62(2)(c)). Since section 162(a)(2) relates only to overnight trips or to travel requiring sleep or rest, see United States v. Correll,389 U.S. 299 (1967), that provision is inapplicable. Analysis therefore must focus on section 162(a) generally. In general, expenses of commuting to and from work are not transportation expenses of an employee, sec. 1.62-1(g), Income Tax Regs., and are not expenses of "carrying on" a trade or business that are deductible under section 162(a); rather, they are nondeductible personal expenses. Secs. 1.162-2(a) and 1.262-1(b)(5), Income Tax Regs.
Under circumstances somewhat similar to those involved here, it was held in Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1960), that a river pilot who received job assignments at any time of the day *416 or night to different places was not entitled to deduct his cost of transportation by automobile between his home and the various job locations. See also Anderson v. Commissioner,60 T.C. 834 (1973). The courts have also consistently held that a taxpayer may not deduct automobile expenses incurred in driving between his home and place of business, even though the automobile was required and used by the taxpayer for business purposes after he arrived at his place of business. Sapp v. Commissioner,36 T.C. 852 (1961), affd. per curiam 309 F. 2d 143 (5th Cir. 1962). However, petitioner argued at trial (he did not submit a brief) that his commuting expenses should be deductible because he used his automobile to transport the pistol used on his job between his residence and his place of work.
Prior to Fausner v. Commissioner,413 U.S. 838 (1973), courts were divided on the deductibility of automobile expenses incurred in transporting tools to work. Compare Gilberg v. Commissioner,55 T.C. 611 (1971) (to be entitled to a deduction for any part of his expenses, taxpayer must show he would not have driven *417 but for the business necessity of carrying the tools or other materials used in his work) with Sullivan v. Commissioner,368 F. 2d 1007 (2d Cir. 1966) and Tyne v. Commissioner,385 F. 2d 40 (7th Cir. 1967) (taxpayer allowed a deduction for traveling expenses allocable to the transportation of tools even if the taxpayer would have driven to and from work in any event). In Fausner an airline pilot was required by his employer and government regulations to carry with him certain flight equipment. But Fausner would have driven to work even if it had not been necessary to carry the equipment because no convenient public transportation was available. We disallowed a deduction for transporting the equipment since the taxpayer would have used his automobile to travel to and from work in any event. T.C. Memo. 1971-277. We were affirmed by the Fifth Circuit, 472 F. 2d 561 (5th Cir. 1973). Resolving a conflict among the Courts of Appeals, compare Fausner with Sullivan and Tyne, the Supreme Court affirmed the Fifth Circuit in a per curiam opinion, saying: As the Court of Appeals indicated, Congress has determined *418 that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read § 262 of the Internal Revenue Code as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. But no such allocation can be made here. [Footnotes omitted; 413 U.S. 838, 839 (1973).] Following the Supreme Court's guidance, it is not enough that petitioner demonstrate he carried his pistol to work in the trunk of his car (which he thought he had to do under Michigan law). He must also prove the same commuting expenses would not have been incurred had he not been required to carry the pistol. Since petitioner would have driven to work in any event--public transportation not being available--carrying the pistol with him was not an additional expense. Consequently, no part of the commuting expense is deductible. Decision will be *419 entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise stated.↩