ROBERT L. DUNCAN AND HARRIET P. DUNCAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duncan v. Commissioner
Docket Nos. 11235-76, 9762-77.
United States Tax Court
T.C. Memo 1978-398; 1978 Tax Ct. Memo LEXIS 115; 37 T.C.M. (CCH) 1653; T.C.M. (RIA) 78398; October 4, 1978, Filed Lloyd Taylor, for the petitioners. James M. Kamman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1974 and 1975 in the amounts of $ 1,003.01 and $ 1,045, respectively. Due to concessions by petitioners [1] the sole issue for decision is whether Harriet P. Duncan is entitled under section 162 [2] to deduct the cost of traveling between her residence and place of employment. *116 These consolidated cases were submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The pertinent facts are summarized below. Petitioners Robert L. Duncan (hereinafter Robert) and Harriet P. Duncan (hereinafter Harriet), husband and wife, resided in Ukiah, California, at the time they filed the petition in these cases. Petitioners timely filed joint individual income tax returns for the calendar years 1974 and 1975 with the Internal Revenue Service Center, Fresno, California. Petitioners are members of the Pomo Indian tribe, which is indigenous to the Ukiah Valley in Northern California. Petitioners were born in and have always resided in the area of Ukiah, California. Petitioners have owned their home in Ukiah since 1963. Robert was employed in the construction industry in the area of Ukiah but retired in 1965 because of an arthritic condition. Since 1968, Harriet has been continuously employed as a psychiatric technician by the California Department of Mental Health. Harriet worked in this capacity until October 1, 1971, at Talmadge *117 State Hospital in Ukiah. In late 1971, however, the State Department of Mental Health closed Talmadge State Hospital and offered all the employees an opportunity to transfer permanently to other State hospitals. Harriet accepted this offer and was transferred to Sonoma State Hospital which is eighty miles from petitioners' residence in Ukiah. The closing of Talmadge State Hospital was pursuant to a general plan of the State of California to reduce costs and shift the major burden for mental health services to State-funded county programs. The State had no plans to reopen the closed State hospitals and has not reopened Talmadge State Hospital. Since the closing of the hospital, no employment opportunities for psychiatric technicians have existed in the immediate vicinity of Ukiah. During 1974 and 1975, Harriet's work schedule at Sonoma State Hospital was six days on and two days off, with three days off every six weeks. During this period Harriet never remained overnight in the immediate vicinity of Sonoma State Hospital. Instead, she returned to her residence in Ukiah at the end of each working day. On their 1974 and 1975 Federal income tax returns petitioners deducted *118 the cost of Harriet's travel between Ukiah and Sonoma State Hospital. Respondent disallowed these deductions on the ground that the costs incurred were nondeductible commuting expenses which did not qualify for a deduction as an ordinary and necessary business expense. We agree with respondent. Section 162 [3] allows as a deduction all ordinary and necessary traveling expenses incurred while away from home in the pursuit of a trade or business. Deductible expenses include those incurred in the trade or business of being an employee. See, e.g., Primuth v. Commissioner,54 T.C. 374, 377 (1970), appeal dismissed per stipulation (7th Cir., Sept. 4, 1970). As noted by the Supreme Court in Commissioner v. Flowers,326 U.S. 465, 470 (1946), each of three distinct requirements must be satisfied if a deduction for traveling expenses is to be sustained: *119 (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business.This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. Whether a travel expense qualifies under these tests is a question of fact. The law is settled that the cost of commuting between one's residence and his place of employment is a personal expense which fails to qualify for deduction under these tests. See, e.g., Commissioner v. Flowers,supra; Anderson v. Commissioner,60 T.C. 834 (1973); Green v. Commissioner,59 T.C. 456 (1972); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. Such commuting expenses are incurred neither in pursuit of business, Commissioner v. Flowers,supra at 473, *120 nor while away from "home", which this Court has consistently defined as the taxpayer's principal place of employment. Kroll v. Commissioner,49 T.C. 557, 561-62 (1968). Accord, Wills v. Commissioner,411 F.2d 537, 540 (9th Cir. 1969), affg. 48 T.C. 308 (1967). The cost of traveling to a new place of employment outside the vicinity of the taxpayer's residence may be deductible by an employee, however, if the work assignment is temporary. Under those circumstances it would be unreasonable to expect a taxpayer to move his residence and it can fairly be said that incurring attendant travel expenses is in pursuit of business. Thus, for taxpayers with temporary assignments an exception to the definition of tax home is made and a deduction for travel expenses is allowed. Michaels v. Commissioner,53 T.C. 269, 273 (1969). If, on the other hand, the work assignment is for an indefinite or indeterminate period, a taxpayer's failure to move to his new place of work must be attributed to his personal desires rather than the exigencies of business and the resulting travel costs are nondeductible personal commuting expenses. *121 Tucker v. Commissioner,55 T.C. 783, 786 (1971); Kroll v. Commissioner,supra at 562. This Court has held that for purposes of the temporary/indefinite distinction temporary employment is that which can be expected to last only a short period of time. Tucker v. Commissioner,supra at 786; Albert v. Commissioner,13 T.C. 129, 131 (1949). The Ninth Circuit, to which appeal in this case would lie, has held that even if the duration of employment for an employee is not fixed it may be temporary unless "there is a reasonable probability known to him that he may be employed for a long period of time at his new station." Harvey v. Commissioner,283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959). See generally Stricker v. Commissioner,54 T.C. 355, 361-62 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Applying the foregoing principles to the facts here, we find no basis for allowing a deduction for the expenses incurred by Harriet. There is no indication in the record that her employment at the Sonoma State Hospital was of a temporary nature. *122 Harriet was transferred to Sonoma State Hospital in late 1971 and was still employed there during the taxable years 1974 and 1975.Apparently she knew that the state had no plans to reopen Talmadge State Hospital and that her employment at Sonoma State Hospital would be for an indefinite period. No evidence here suggests that there was not a reasonable probability known to her that she would be employed for a long period of time at her new station. We conclude that Harriet's choice to live in Ukiah and commute eighty miles was motivated by her personal desires rather than the exigencies of business. Consequently, we hold that the expenses incurred by Harriet in traveling between her residence in Ukiah and the Sonoma State Hospital are commuting expenses which fail to qualify for deduction as travel expenses under section 162. Decisions will be entered for respondent. Footnotes
1. Petitioners have conceded that they are not entitled to deduct certain expenses for meals and lodging. Apparently they are also no longer pursuing various meritless constitutional arguments raised in their petition. ↩
2. Unless specified otherwise, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business;↩