JAMES L. STANCLIFT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stanclift v. Commissioner
Docket No. 2919-77.
United States Tax Court
T.C. Memo 1978-406; 1978 Tax Ct. Memo LEXIS 107; 37 T.C.M. (CCH) 1690; T.C.M. (RIA) 78406; October 11, 1978, Filed James L. Stanclift, pro se. Louis A. Boxleitner, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency for the taxable year 1974 in the amount of $ 540.26. The issue remaining for decision is whether petitioner was entitled to deduct the automobile expenses of traveling to and from his various job sites under section 162. [1]
FINDINGS OF FACT The parties have been unable to agree to a stipulation of facts. However, the authenticity of various documents *108 was stipulated at trial. The exhibits so stipulated are incorporated herein by this reference. At the date of the filing of the petition in this case, petitioner's legal residence was 13661 Riata Street, Garden Grove, California 92644. In 1974, petitioner resided at 2006 Florida Street, Apartment 10, Huntigton Beach, California 92648, which is approximately 25 miles from Los Angeles. In 1974, petitioner was employed as a carpenter, although his status during a portion of the year was that of an apprentice. Petitioner owned a Volkswagen van and drove it from his home in Huntington Beach to his various job sites in the Los Angeles area. Petitioner transported various power tools, hand tools, nails and other work-related materials in his van. The tools and other materials weighed approximately 200 pounds. Petitioner also owned an MG automobile but did not use it in his travel to work sites. Petitioner on occasion drove to a union hiring hall which was located 3 to 5 miles from where he lived, but does not recall the number of such trips in 1974. Petitioner worked for five different employers in 1974. The employers, places and duration of employment, distance traveled, *109 days worked and compensation received are as follows: [SEE TABLE IN ORIGINAL] Respondent contests petitioner's testimony as to the number of days worked for each employer. No actual records were produced by the petitioner at the trial showing the mileage traveled by him from his residence to the various work sites during 1974. OPINION In his 1974 income tax return, petitioner reported that he had traveled 30,000 miles in automobiles held for business use. He claimed that 20,000 miles of this travel was for travel to different job sites in his employment as a carpenter for various employers. In his return he calculated that the deduction for such travel was $ 2,750.00 and claimed said amount as an adjustment to income. The respondent contends that these travel expenses are not trade or business expenses which would be deductible under section 162, but are instead nondeductible personal commuting expenses. The petitioner's position is that section 162 entitles a taxpayer to deduct his expenses of traveling between his residence and the site of his employment if he had to transport tools and work materials necessary for the performance of his job. Here, there is no *110 question that petitioner did transport the tools. The courts have firmly decided that commuting costs are to be treated as nondeductible personal expenses. Sections 1.262-1(b) 5 and 1.162-2(e), Income Tax Regs.Fausner v. Commissioner,413 U.S. 838, 839 (1973), rehearing denied 414 U.S. 882 (1973); Commissioner v. Flowers,326 U.S. 465, 470 (1946); Heuer v. Commissioner,32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). However, where a commuter incurs additional expenses because he has to transport his "tools" to work, such additional costs may be deductible as a business expense under section 162. Fausner v. Commissioner,supra at 839; Gilberg v. Commissioner,55 T.C. 611 (1971); Hitt v. Commissioner,55 T.C. 628 (1971). In Feistman v. Commissioner,63 T.C. 129, 135 (1974), this Court stated: It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. *111 Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. This holding has been followed in a number of cases. Randazzo v. Commissioner,T.C. Memo. 1977-303; Crouch v. Commissioner,T.C. Memo. 1977-60; Radocy v. Commissioner,T.C. Memo. 1977-282; Manupello v. Commissioner,T.C. Memo. 1976-237. Petitioner in the case at hand testified that he would have driven to his places of employment even if he did not transport any tools in his van. He made no inquiries as to the availability of public transportation in going from his residence to his places of employment. In examining this evidence, we conclude that petitioner has failed to prove that his commuting expenses would not have been incurred had he not been required to carry his tools. Any travel expenses which petitioner incurred going to and from the union hall would also be classified as personal commuting expenses. The Court in Anderson v. Commissioner,60 T.C. 834, 836 (1973), stated that the taxpayer's trips to the union *112 hall did not constitute business trips. "It was the union which imposed the requirement, and not her employers" and thus, the travel costs were not ordinary and necessary business expenses. Therefore, petitioner has no claim that his transportation costs to the union hall are deductible under section 162. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩