LEON J. REGELBRUGGE and GRACE M. REGELBRUGGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Regelbrugge v. Commissioner
Docket No. 24164-82.
United States Tax Court
T.C. Memo 1984-544; 1984 Tax Ct. Memo LEXIS 134; 48 T.C.M. (CCH) 1362; T.C.M. (RIA) 84544; October 9, 1984. Leon J. Regelbrugge, pro se. Robert J. Foley, for the respondent. DRENNEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). After review of the record, the Court agrees with and adopts his opinion whichis set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $6,188 and an addition to tax under section 6651(a) in the amount of $276. Petitioners filed a joint Federal income tax return for the year 1980. They resided in Esparto, California at the time they filed their petition in this case. The issues for decision are (1) whether petitioners are entitled to deduct farm expenses and related farm equipment depreciation; (2) *136 whether petitioners are entitled to deduct rental property expenses and related depreciation; (3) whether petitioners are entitled to deduct employee business expenses; (4) whether petitioners are entitled to a casualty loss deduction; (5) whether petitioners are entitled to an increased sales tax deduction; and (6) whether petitioners are liable for an addition to tax under section 6651(a). Respondent's adjustments to petitioners' income as reported on their Federal income tax return were based on petitioners' failure to substantiate claimed expenses to respondent's satisfaction. Petitioners bear the burden of proving that they are entitled to any claimed deductions. Rule 142(a), Tax Court Rules of Practice and Procedure.Welch v. Helvering,290 U.S. 111 (1933). This burden weighs heavily against petitioners where the inexactitude of their expendituresis of their own making. Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). However, where it is clear from the record that petitioners made deductible expenditures, it is appropriate to allow a deduction, making as close an approximation as possible. Cohan v. Commissioner,supra. *137 1. Farming expenses.
Respondent does not dispute that Leon Regelbrugge (petitioner) is engaged in the business of operating an almond orchard. He asserts, however, that petitioner has not adequately substantiated the deductions claimed on petitioners' Federal income tax return. Petitioner testified in support of the claimed deductions and we find his testimony to be credible. He also presented a number of cancelled checks and statements in support of his testimony. In light of the foregoing, we find that petitioner made the following deductible expenditures in connection with his farming operation: Repairs
$222
Interest
1,809
Gasoline
100
Taxes
310
Irrigation
1,473
Furthermore, petitioner is entitled to a depreciation deduction as follows: Depreciation
Cost/Basis
Allowed
Horse trailer
2,000
250
Tank & Cutting Rig
277
46
Orchard
6,240
624
Orchard
25,000
1,667
Lube Machine
115
50
Rebuilt 71 Int. Harv.
1,600
320
Plow
450
45
Gas tank
800
80
Sprinkler pipe
1,000
200
Pump
600
60
Copper pipe
300
30
2. Rental property expense.
Respondent does not dispute that petitioners *138 rented residential property for a profit. However, as with the farming expenses, respondent contends that petitioners have not adequately substantiated the deductions claimed on their Federal income tax return. Again, petitioner rendered credible testimony regarding his rental expenses and supported his testimony with cancelled checks and statements. Therefore, we conclude that petitioners are entitled to deduct the following rental expenses: Advertising
$30
Insurance
600
Interest
3,305
Plumbing
83
Miscellaneous repairs
375
Taxes
394
Termite repair
500
Furthermore, petitioners are entitled to a depreciation deduction as follows: Depreciation
Cost/Basis
Allowed
Roof
411
41
Refinancing amort
715
24
Dwelling
15,000
500
Redecorating
2,973
297
Water heater
220
44
3. Employee business expenses.
Petitioner claimed as employee business expenses amounts expended for work clothing, meals and lodging while away from home and automobile expenses incurred in traveling to his various business assignments. Petitioner was employed as a pipe fitter and received his assignments from a union hall located *139 68 miles from his residence. From May until August his post of duty was located in southern California, approximately 440 Miles from his residence. During the remainder of the year, he was assigned to posts of duty ranging from 60-80 miles from his residence and from 10-25 miles from the union hall. All of these posts of duty were located within Contra Costa county, the jurisdiction covered by the union hall. Respondent disallowed the amounts claimed for traveling to various business assignments and for work clothing on the ground that petitioners failed to show such expenses were ordinary and necessary business expenses. With regard to the amounts claimed for travel expenses away from home, respondent contends that petitioners failed to meet the substantiation requirements of section 274(d). Petitioner's lodging expenses and transportation expenses incurred while away from home must be substantiated by adequate records or by sufficient evidence corroborating his own statement including (1) the amount, (2) the time and place of the travel, and (3) the business purpose for the travel.Section 274(d). The only records or corroborating evidence offered by petitioner consisted *140 of a single motel receipt in the amount of $66. Although petitioner claims to have kept a record of his travel expenses, he was unable to produce it at trial and there is no indication that his inability to do so is due to circumstances beyond his control. Therefore, petitioner's deduction for travel expenses is limited to $66. Petitioner also claimed a deduction based on the standard business mileage rate for local transportation from his residence to his various duty posts. Because the transportation dud not involve overnight travel, petitioner need not satisfy the provisions of section 274(d). See LeBeau v. Commissioner,T.C. Memo. 1980-570. Expenses incurred in traveling between petitioner's residence and his place of employment are generally nondeductible personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946). Steinhort v. Commissioner,335 F.2d 496 (5th Cir. 1964), affg. a memorandum opinion of this Court. Where, as in this case, petitioner is required by his union to travel first to a union hall before proceeding to his post of duty, his place of employment continues to be the place where he works, *141 not the union hall. Anderson v. Commissioner,60 T.C. 834, 836 (1973). Furthermore, petitioner was not working outside his normal area of employment on a temporary basis.Except for the period from May until August when petitioner was working in southern California, all of petitioner's assignments were located in the vicinity of the union hall. Petitioner's transportation expenses were incurred not as a result of the exigencies of his employment, but rather because petitioner chose to reside outside of the area of his normal employment. Steinhort v. Commissioner,supra;Feistman v. Commissioner,63 T.C. 129 (1974); Mann v. Commissioner,T.C. Memo. 1977-27. Thus, no part of petitioner's automobile expenses incurred in traveling either to the union hall or his post of duty are deductible business expenses. Finally, petitioner's testimony regarding the nature of an additional deduction for miscellaneous expenses was vague and unilluminating. His statements that the claimed deduction may possibly have been for work clothing, such as boots and overalls, is insufficient to form the basis for a deduction. 4. *142 Casualty loss.
Petitioner claimed a deduction of $850 for the destruction of an insulated shell which was attached to his pick-up truck. Respondent does not dispute that the damage to petitioner's property was the result of a casualty but rather contends that petitionerhas not proved the amount of the loss. Section 165(a) allows a deduction for casualty losses to nonbusiness property. The measure of such loss is the difference between the fair market value before and after the casualty which gives rise to the loss, but not exceeding its adjusted basis. Helvering v. Owens,305 U.S. 468, 471 (1939). However, the deduction for any loss is allowed only to the extent that the loss exceeds $100. Section 165(h). Based on petitioner's testimony, which we find to be credible, we conclude that petitioner's adjusted basis in the shell was $850, which was also its value prior to the casualty. After the casualty, the shell had no value. Therefore, petitioner is entitled to deduct the amount of his loss, $850 less the statutory exclusion of $100. 5. Sales tax.
Petitioners claimed a deduction for state sales tax based on the optional sales tax table. *143 As a result of the foregoing adjustments, petitioners' adjusted gross income will differ from that shown on their Federal income tax return. Thus, the claimed sales tax deduction must be adjusted to reflect the change in adjusted gross income. 6. Section 6651(a).
Petitioners have conceded that their Federal income tax return for the year was filed one month after the prescribed due date. Section 6651(a) imposes an addition to tax of 5 percent of the amount due for each month or fraction of a month during which the return remains unfiled unless such failure is due to reasonable cause. There is no indication that petitioners' failure to file their return before the prescribed date was due to anything other than petitioners' own carelessness. Therefore, petitioners are liable for the addition to tax under section 6651(a). Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩