MICHAEL SAMUEL FAIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fair v. Commissioner
Docket Nos. 8021-91, 28629-91
United States Tax Court
T.C. Memo 1994-276; 1994 Tax Ct. Memo LEXIS 276; 67 T.C.M. (CCH) 3100; June 16, 1994, Filed *276 Appropriate orders and decisions will be entered for respondent. Michael Samuel Fair, pro se. For respondent: Emily J. Kingston. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121 and respondent's motion for penalty pursuant to section 6673(a)(1). Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1) [1]
6653(a)(2) [2]
6654
1983
$ 5,457
$ 1,322
$ 273
[3]
--
1984
10,388
2,557
519
[3]
$ 639
1985
10,905
2,726
545
[3]
623
1986
5,557
1,389
278
[3]
269
1987
10,788
2,697
539
[3]
583
1988
6,062
1,515
303
--
388
Respondent's motions raise the following issues for decision: (1) Whether, as a matter of law, petitioner is liable for deficiencies in income tax as determined by respondent; (2) whether, as a matter of law, petitioner is *277 liable for additions to tax as determined by respondent pursuant to sections 6651(a), 6653(a), and 6654; and (3) whether petitioner is required to pay a penalty pursuant to section 6673. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Milpitas, California, at the time he filed his petition. Petitioner failed to timely file Federal income tax returns for each year in issue. When petitioner eventually filed returns for these years (on February 8, 1991), he failed to report items of income. The most flagrant underreporting involved his receipt of compensation for services, as follows: Year
Compensation
Amount reported
1983
$ 24,606
$ 2,000
1984
37,506
1,560
1985
36,946
1,616
1986
21,686
-0-
1987
32,915
-0-
1988
27,970
640
In addition, he did not fully report other items of income, including interest, dividends, income from the sale of stock, and *278 a distribution from an individual retirement account. For each year, petitioner indicated no tax liability on the return. OPINION Petitioner relies on the all too familiar arguments of the tax protester. To begin with, he claims that the income tax which the Internal Revenue Service (IRS) collects is an excise tax levied on him because he chooses to spend his time working. In petitioner's view, "income" is used to measure the tax, but the tax itself is a tax on his "status". According to petitioner, his status is "free citizen" and not "taxpayer". [1] He claims that the IRS, by collecting this excise tax and treating him as a "taxpayer", exceeds its statutory authority. In a similar vein, petitioner claims that this Court does not have in personam jurisdiction over him because he is not a "taxpayer", and that respondent has failed to carry her burden of proof in establishing in personam jurisdiction. Contrarily, petitioner also claims that it is the duty of the Court to adjudicate this matter, and to allow it to go to trial. *279 To state these arguments is to refute them. Petitioner is not exempt from taxation under the Internal Revenue Code. Petitioner's argument that he does not hold the status of "taxpayer" is frivolous. . Petitioner has not paid taxes for all the years in issue, to the detriment of the citizenry at large. See ; . In this case, there is no genuine issue as to any material fact. Tax protester cases should be dealt with "summarily and decisively * * * without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners." , affd. . Accordingly, we grant respondent's motion for summary judgment, and sustain the deficiencies and additions to tax as determined by respondent. Respondent also moves for a penalty pursuant to section 6673(a)(1). [2] We *280 may require a taxpayer to pay a penalty when a petition is frivolous or groundless, or instituted for delay. Sec. 6673(a)(1). Furthermore, we may require a penalty in a summary adjudication. ; see also , affd. . The Court of Appeals for the Ninth Circuit (to which an appeal in this case would lie) stated that the question of whether a petition is frivolous "seems to be one of fact", and affirmed a decision of this Court which was based on the fact that the taxpayer should have known the claim was frivolous. . We find *281 petitioner's contentions to be frivolous. In , the Court of Appeals rejected the appellant's claim that she was not a "taxpayer" because she was "an absolute, freeborn and natural individual". The Court of Appeals stated tersely: "This argument is frivolous." Id. Similarly, petitioner's claim that he is a "free citizen", and therefore not required to pay tax, is frivolous. Thus, we find the payment of a penalty by petitioner to the Government pursuant to section 6673(a)(1) to be appropriate. We now turn to the amount of the penalty. In earlier applications of section 6673, the Court considered the costs of litigation to respondent and the Court. In the first tax protester case in which we awarded damages pursuant to section 6673, we lamented the inability of the award, even at the maximum level (at that time, only $ 500), to compensate the Government for the costs of litigation. ; see also . Later cases indicate that damages under section 6673 *282 need not be limited to compensation. The Court of Appeals for the Eighth Circuit said that damages may be awarded "either as a penalty for abuse of process, or as a fee for using the courts as * * * [a] personal 'soapbox'." . The Court of Appeals for the Third Circuit traced the history of section 6673 and stated that "it is a penalty statute designed to deter taxpayers from bringing frivolous or dilatory suits". , affg. . Moreover, we are "not [required] * * * to calculate the amount of the damages incurred" by the Government before awarding damages. . Consistent with this approach, the statute itself now explicitly provides for a "penalty" instead of "damages". The amount of penalty pursuant to section 6673 is subject to the Court's discretion. . We, therefore, impose a penalty under section 6673(a)(1) in the amount of $ 5,000. To reflect the foregoing, *283 Appropriate orders and decisions will be entered for respondent. Footnotes
1. For 1986 and 1987, sec. 6653(a)(1)(A) applies.↩
2. For 1986 and 1987, sec. 6653(a)(1)(B) applies.↩
3. 50 percent of the interest due on the deficiency.↩
1. See ("Some people believe with great fervor preposterous things that just happen to coincide with their self-interest.").↩
2. Sec. 6673 now authorizes the Court to levy a "penalty" instead of awarding "damages". Even though earlier cases refer to "damages", we will use the term "penalty" unless the context requires otherwise.↩