T.C. Memo. 2000-268

UNITED STATES TAX COURT

BARRY AND PENNY KNELMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8397-99.                      Filed August 24, 2000.

Barry and Penny Knelman, pro sese.

<u>Erica Y. Wu</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of

$11,790 and an accuracy-related penalty of $2,358 on petitioners'

1994 Federal income tax.  After concessions,[1] the issues for

---

[1]  In the notice of deficiency, respondent determined that
petitioners had underreported their income by $17,753.  After
respondent conceded $3,198, petitioners stipulated that they had
received but failed to report $14,555 of operating income from
(continued...)

decision are:

(1) Whether petitioners failed to report $14,555 of Schedule C, Profit or Loss From Business, income for the 1994 tax year;

(2) whether petitioners are entitled to deduct $2,035 for travel expenses and $1,330 for meals under section 162 as Schedule C business expenses; and

(3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition in this case, petitioners resided in Irvine, California.

---

(...continued)
their landscaping business. They dispute, however, that this income is subject to tax.

Respondent also determined that petitioners had overstated their Schedule C, Profit or Loss From Business, deductions relating to their landscaping business by $18,456. Respondent, however, conceded $2,235 of these deductions, reducing the overstated amount to $16,221. Petitioners then conceded $12,856 of that amount, leaving $3,365 in dispute.

Before the parties' concessions, respondent determined that petitioners were subject to additional self-employment income taxes of $6,908 and entitled to an additional self-employment tax deduction of $2,558. Petitioners presented no evidence at trial regarding this issue and failed to address it on brief. Petitioners are therefore liable for any self-employment income taxes due on the additional self-employment income found by the Court. See Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989).

[2] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During the mid-1980's, Barry Knelman began operating a landscaping business in southern California named "Barry Knelman Plant Company". Mr. Knelman operated the landscaping business as a sole proprietorship, selling and maintaining indoor plants for business offices in the Los Angeles County area. In 1991, petitioners decided to move to Ohio so that their children could be closer to the rest of their family. Instead of selling, relocating, or closing the landscaping business, Mr. Knelman decided to continue operating the business in California.

Throughout 1994, petitioners maintained their residence in Ohio. During this period, the only business petitioners owned or operated was the landscaping business in southern California. Because Mr. Knelman could not afford to hire a full-time employee to manage the landscaping business, he traveled to California every month. During 1994, Mr. Knelman spent more than 6 months in California, with each stay lasting approximately 14 days.

Petitioners filed a joint Federal income tax return for the taxable year ending December 31, 1994. On their return, petitioners failed to report $14,555 from the landscaping business. Petitioners also claimed $3,365 in Schedule C deductions for the costs Mr. Knelman incurred traveling between his residence in Ohio and his landscaping business in southern California. The disputed deductions involve $2,035 for travel expenses and $1,330 for meals and entertainment expenses.

OPINION

Gross Income

Under section 61, Congress defined gross income as all income from whatever source derived. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); Abrams v. Commissioner, 82 T.C. 403, 407 (1984). This includes income from a business. See sec. 61(a)(2). Petitioners do not challenge respondent's calculation of petitioners' income. Petitioners, in fact, stipulate that during 1994, Mr. Knelman received, but failed to report, $14,555 of income from the landscaping business.

Notwithstanding the express language of section 61, petitioners contend that they are not required to pay any Federal income tax on this income. Petitioners advance shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by the courts. See Williams v. Commissioner, 114 T.C. 136, 138-139 (2000); Boyce v. Commissioner, T.C. Memo. 1996-439, affd. without published opinion 122 F.3d 1069 (9th Cir. 1997); Fair v. Commissioner, T.C. Memo. 1994-276, affd. without published opinion 60 F.3d 833 (9th Cir. 1995). Petitioners allege: (1) There are no provisions in the Internal Revenue Code requiring U.S. citizens to pay Federal income tax on income earned in the United States; (2) the income which the landscaping business earned was not gross income and

thus not taxable; (3) the deficiency was not a legally enforceable deficiency; and (4) petitioners were denied their Sixth Amendment right to confront and cross-examine respondent's employees who audited their return.  We shall not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Williams v. Commissioner, supra at 139.  Accordingly, we sustain respondent's position that petitioners underreported their income by $14,555 with regard to the landscaping business.

Travel and Meals and Entertainment Expenses

Petitioners claim that they paid $2,035 for travel expenses and $2,660 for meals and entertainment expenses.[3]  The travel expenses represent the airfare costs Mr. Knelman incurred flying between his residence in Ohio and his place of business in California, whereas the meals and entertainment expenses represent the cost of meals Mr. Knelman incurred during his trips to California.  Respondent disallowed the deductions relating to both expenditures, contending that the travel and the meals and entertainment expenses were nondeductible personal expenses and

---

[3]  Their claim to the meals and entertainment deduction equals $1,330 after the 50-percent reduction pursuant to sec. 274(n).

not ordinary and necessary expenses incurred in the pursuit of a business.

Deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deductions claimed on their return. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 162 permits deductions for ordinary and necessary expenses incurred in carrying on a trade or business, such as travel expenses and meals and entertainment expenses. See sec. 162(a).

Section 262, however, precludes deductions for personal, living, or family expenses not otherwise expressly allowed. For example, commuting expenses between a taxpayer's home and place of business are personal expenses and thus not deductible. See Commissioner v. Flowers, 326 U.S. 465, 469-470 (1946); Sanders v. Commissioner, 439 F.2d 296, 297 (9th Cir. 1971), affg. 52 T.C. 964 (1969); Roy v. Commissioner, T.C. Memo. 1997-562, affd. without published opinion 182 F.3d 927 (9th Cir. 1999); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. The fact that a taxpayer chooses to live a substantial distance from his place of business provides no exception to this general rule. See Commissioner v. Flowers, supra at 470, 473; Sisson v. Commissioner, T.C. Memo. 1994-545, affd. without published opinion 108 F.3d 339 (9th Cir. 1996). In addition, the living expenses incurred as a result of this decision are also

nondeductible personal expenses.  See Commissioner v. Flowers, supra at 472-474; Tucker v. Commissioner, 55 T.C. 783, 786 (1971).

The rationale behind this rule is that a taxpayer is free to choose the location of his personal residence.  See Anderson v. Commissioner, 60 T.C. 834, 835 (1973).  If we allowed the taxpayer to deduct the commuting expenses, we would be permitting the taxpayer to take a deduction for what is an inherently personal expense.  See id.; Alexander v. Commissioner, T.C. Memo. 1979-436.

In the instant case, we find that Mr. Knelman's primary motivation in traveling between Ohio and California was to commute between the locations of his chosen residence and business.  Had petitioners remained in southern California, their traveling expenses between work and home would also have been nondeductible commuting expenses.  The distance traveled, no matter how far, does not change the character of the commuting expense.  See Commissioner v. Flowers, supra at 473.

Furthermore, petitioners have not presented any evidence refuting respondent's determination that the meals petitioners deducted were nondeductible living expenses incurred as a result of their decision to live outside the State where their landscaping business is located.  In the instant case, the taxpayers, for personal reasons, wanted to reside in Ohio and

maintain their landscaping business in California.  We hold that the costs of the airfare and meals cannot be deducted as ordinary and necessary business expenses under section 162.  Therefore, we sustain respondent's determination on this issue.

Accuracy-Related Penalty

Pursuant to section 6662(a), respondent determined that petitioners are liable for an accuracy-related penalty due to an underpayment of tax attributable to negligence or disregard of rules or regulations.  Because respondent determined that petitioners had failed to report income, failed to maintain proper records to substantiate the Schedule C deductions, and deducted personal expenses, respondent computed the accuracy-related penalty based upon the entire underpayment.

Petitioners bear the burden of proving that section 6662 does not apply.  See Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 506 (1989).  Petitioners have neither offered any evidence regarding this issue nor provided a reasonable explanation why we should not hold them liable for the accuracy-related penalty.  Accordingly, we sustain respondent's determination of the accuracy-related penalty with regard to the underpayment associated with petitioners' concessions and this Court's redeterminations.

In reaching our holdings herein, we have considered all of petitioners' arguments, and, to the extent not mentioned above,

we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.